# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TAMARA BRYANT,**

        Plaintiff,

    vs.                                      No. 1:07-cv-1304 MCA/KBM

**12TH JUDICIAL DISTRICT COURT**
**JUDGE KAREN PARSONS, in her**
**individual and official capacity,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's *Motion to Dismiss* [Doc. 32] filed on June 1, 2009. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion and dismisses this action with prejudice for the reasons set forth below.

The history of this litigation is set forth in the *Order* [Doc. 14] filed on September 25, 2008. After the filing of that *Order*, Defendant Twelfth Judicial District Court Judge Karen Parsons, in her individual and official capacities, moved to dismiss Plaintiff Tamara Bryant's claims in their entirety pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of absolute judicial immunity. Plaintiff, who appears *pro se*, opposes Defendant's motion.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007)). While a complaint attacked under

Rule 12(b)(6) does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of the entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964–65 (citations omitted). The complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of the alleged conduct. See Twombly, 127 S.Ct. at 1965.

The Court accepts as true all well-plead allegations and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, LLC, 493 F.3d at 1177. "Well-plead" means that the allegations are "plausible, non-conclusory, and non-speculative." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). The factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 127 S.Ct. at 1965. Overall, the complaint must "possess enough heft" to show that the pleader is entitled to relief. Twombly, 127 S.Ct. at 1965–66.

In this case, the conduct of which Plaintiff complains in her pleading concerns Defendant's judicial acts as a state district judge. It is well established that a judge is absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction. Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000); Wiggins v. N.M. Supreme Court, 664 F.2d 812, 815 (10th Cir. 1981) (citing Stump v. Sparkman, 435 U.S. 349, 356 (1978)). Judicial immunity applies even if the action taken was in error, was done maliciously, was in excess of the judge's authority, or flawed by the commission of grave procedural errors. See Whitesel, 222 F.3d at 867. Moreover, a judge has absolute

immunity even if he or she does not in fact have jurisdiction over a particular cause, so long as the actions are taken in the judge's judicial capacity.  See Stump, 435 U.S. at 356–58.

In this case, Plaintiff contends that Defendant is not immune because Defendant lacked jurisdiction to hold Plaintiff in "indirect civil contempt."  This contention lacks merit. Under New Mexico law, the State's district judges are authorized to hold litigants in civil contempt.  See, e.g., Niemyjski v. Niemyjski, 98 N.M. 176, 177-78, 646 P.2d 1240, 1241-42 (1982).  And in this case, Plaintiff's pleading admits that Defendant exercised such powers while presiding at a hearing in the courtroom.  [Doc. 1, at 16-17.]  Thus, regardless of whether Defendant's actions were taken in error, they were not taken in the complete absence of jurisdiction.  It follows that Defendant is entitled to absolute judicial immunity, and this action must be dismissed with prejudice.

In addition to seeking such a dismissal, Defendant seeks an award of attorney fees and costs as a sanction under Fed. R. Civ. P. 11 or under the fee-shifting provisions of 42 U.S.C. § 1988(b).  Fed. R. Civ. P. 11(b) prohibits parties from filing pleadings for "an improper purpose" and 42 U.S.C. § 1988 allows prevailing defendants in civil actions under 42 U.S.C. § 1983 to seek an award of attorney fees in responding to such actions if they are "'frivolous, unreasonable, or without foundation.'"  Crabtree v. Muchmore, 904 F.2d 1475, 1478 (10th Cir. 1990) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

In this instance, Defendant's motion papers do not comply with the requirements of Fed. R. Civ. P. 11(c), and therefore the Court will not impose sanctions under that rule at this time.  The Court will, however, grant Defendant leave to file a post-judgment motion for

attorney fees under 42 U.S.C. § 1988(b) within 30 days as provided by D.N.M. LR-Civ. 54.5. Any such motion should state in greater detail the grounds for the requested relief and the amount of the fees requested.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss* [Doc. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant is granted leave to file a post-judgment motion for attorney fees under 42 U.S.C. § 1988(b) within thirty days.

**SO ORDERED** this 30th day of July, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge