### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**TAMARA BRYANT,**

    Plaintiff,

v.                                                  No. 1:07-cv-1304 MCA/KBM

**12TH JUDICIAL DISTRICT COURT,
JUDGE KAREN PARSONS, in her
individual and official capacity,**

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Tamara Bryant's *Objection to Order to Dismiss*, filed September 9, 2009 [Doc. 45], and on Defendant Judge Karen Parsons' *Post-Judgment Motion for an Award of Attorney Fees, Costs, and Taxes*, filed August 20, 2009 [Doc. 39]. Having considered the parties' submissions, the record, and the relevant law, the Court concludes that Bryant's motion should be denied and that Judge Parsons' Motion should be granted in part.

**I.    BRYANT'S "*OBJECTION*."**

The Court entered final judgment in this case on July 30, 2009. *See* Doc. 38. Bryant filed her "*Objection*" more than ten days later, thus the Court construes it as a motion for relief from judgment brought under FED. R. CIV. P. 60(b). *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Bryant has not appealed from the Court's final order.

While a district court enjoys "discretion to grant relief as justice requires under Rule 60(b)," such relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotation marks omitted). Rule

60(b) is not intended to be a substitute for a direct appeal. *See id.* at 1009. Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

In this case, Bryant has not alleged the existence of any of the justifications set forth in subsections (1) through (6) of Rule 60(b). Rather, she states that "[g]rounds for this request will be found in the Plaintiffs [sic] original complaint . . . ." Doc. 45 at 2. A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012. The Court will deny the motion.

**II       JUDGE PARSONS' MOTION FOR ATTORNEY FEES AND COSTS.**

For actions brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988. But the United States Supreme Court has imposed a stringent standard for awarding attorneys' fees to prevailing defendants: "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2

(1983) (applying the *Christianburg Garment Co.* standard to cases in which a defendant seeks fees under § 1988(b));  *Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980) (clarifying that attorney's fees may be assessed against a pro se plaintiff in a § 1983 civil-rights action and applying the "stringent" *Christianburg v. Garment Co.* standard, but noting that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. . . . [E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.").  Because of Congress's intent to allow plaintiffs to vindicate its policies regarding civil rights, a successful defendant "must demonstrate that the plaintiff has misused his statutory privilege and distorted the intent of the legislation." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 n. 22 (10th Cir. 2004) (citing *Christianburg Garment Co.*).

> Rarely will a case be sufficiently frivolous to justify imposing attorneys' fees on the plaintiff.  *See Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995) (only in "rare circumstances" will "a suit [be] truly frivolous so as to warrant an award of attorneys' fees to the defendant").  In determining whether a claim is frivolous, unreasonable or groundless, a district court must avoid "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.  Dismissal of claims at the motion to dismiss or summary judgment stage does not automatically warrant a fee award.  *See Jane L. v. Bangerter*, 61 F.3d 1505, 1513-14 (10th Cir. 1995).

*Thorpe v. Ancell*, No.06-1404, 2009 WL 5907948, *5 (10th Cir. Feb. 26, 2009).  One factor the Court should consider is "the pro se plaintiff's ability to recognize the objective merit of his or her claim." *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000).  But a "plaintiff's subjective bad faith is [not] a necessary prerequisite to a fee award against him." *Christiansburg Garment Co.*, 434 U.S. at 421.  In making its attorney-fees determination, "the district court [should] review the entire course of the litigation." *United States ex rel. Grynberg*, 389 F.3d at 1059.

3

An attorney-fees award in a § 1983 case does not merely provide some compensation to the defendants for costs incurred in defending against the suit; it also deters a plaintiff from filing patently frivolous and groundless suits. "In any fee request under § 1988(b), a claimant must prove two elements: (1) that the claimant was the prevailing party in the proceeding; and (2) that the claimant's fee request is reasonable." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998) (internal quotation marks omitted). Reasonableness is determined by looking at the "lodestar" amount, which is "the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id.* at 1281. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988." *Id.* (internal quotation marks omitted).

> [The] subsidiary reasonableness inquiry is controlled by the overriding consideration of whether the attorney's hours were "necessary" under the circumstances. "The prevailing party must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.' " *Jane L.*, 61 F.3d at 1510 (quoting *Hensley*, 461 U.S. at 434, 103 S. Ct. 1933). A district court should approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients. . . ." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). However, "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage. . . ." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996) (quotations omitted).

*Id.* As to hourly rate, the State of New Mexico apparently has billing guidelines for contract attorneys who work for Risk Management as defense attorneys, and the Court assumes that the allowable rate is what counsel for Judge Parsons charged - $150/hour. Because "[a] reasonable rate is the prevailing market rate in the relevant community," *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996), and because Bryant does not challenge the hourly-rate as unreasonable, the Court finds counsel's hourly rate to be reasonable, even though plaintiff's attorneys who specialize in civil-rights cases are typically paid more than that in New Mexico. As our Tenth Circuit has noted,

4

"[p]laintiffs' and defendants' civil rights work, however, are markedly dissimilar. Attorneys in defendants' civil rights cases are typically paid regardless of their success in a case and receive payment on a shorter billing cycle. Moreover, defendants' attorneys are sometimes guaranteed a certain amount of work from insurance pools." *Id.* at 1018-19.

The Court finds that Judge Parsons is the prevailing party. Judge Parsons contends, and Bryant admits in her Complaint, *see* Doc. 1 at 29-30, that Bryant brought a similar suit against Judge Parsons in state court in 2005. The case was finally dismissed in 2007, in part on the basis of absolute judicial immunity, and it has been affirmed on appeal. *See Bryant v. County of Lincoln,* No. D-1226-CV-200500030 (12th Jud. Dist. Ct. - Carrizozo, Jan. 11, 2007), *aff'd*, No. 27,577 (N.M. Ct. App. 2007), *cert. denied,* No. 30,595, 142 N.M. 715, 169 P.3d 408 (table) (N.M. Sept. 06, 2007)[1]. Bryant filed a similar suit in this Court on December 27, 2007. Consistent with the state-court decisions, this Court determined that Judge Parsons is absolutely immune from suit a year and one-half later, after counsel filed the motion to dismiss in June 2009. *See* Doc. 37.

Thus, the Court also concludes that Judge Parsons (actually, the Risk Management Division of the State "RMD") is entitled to recover its reasonable attorney fees and costs because Bryant's suit is frivolous and unreasonable, and because Bryant continued to litigate even after she had been instructed that Judge Parsons is entitled to absolute judicial immunity from suit and that instruction was upheld on appeal. *See Christiansburg Garment Co.*, 434 U.S. at 422. The Court notes that counsel for Judge Parsons requests attorneys fees in the total amount of $11,070.

---

[1] Counsel unfortunately did not attach the state-court documents to Judge Parsons' motion, but Bryant admits the existence of the case and the holdings, and the Court has taken judicial notice of the existence of the case as found at http://www.nmcourts.gov/caselookup/app?component=cnLink&page=SearchResults&service=direct&session=T&sp=SD-1226-CV-200500030.

The Court concludes, however, that the number of hours billed for defending this lawsuit under the circumstances is unreasonable. As noted above, counsel for Judge Parsons– who also represented her in the state-court case– knew, on January 9, 2008 when she was assigned to defend Judge Parsons in the federal suit, *see* Doc. 41, Ex. B at 2, that Judge Parsons was entitled to absolute judicial immunity and that Bryant had unsuccessfully brought this same case in state court. It is, therefore, untenable that counsel filed an answer on January 31, 2008 instead of a motion to dismiss, and that she then continued to charge attorney fees by engaging in extended discovery over the next year-and-a-half, including taking Bryant's deposition, instead of simply and expeditiously filing the motion to dismiss at the onset of the case. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Looking at the course of litigation, a senior partner would conclude that counsel failed to serve her absolutely immune client well by failing to quickly move to have the case dismissed and by failing to move for the Court to stay both discovery and the necessity for responding to motions filed by the Plaintiff until the Court ruled on the motion to dismiss.

The Court will assess only the following attorney fees against Bryant as reasonable and necessary under the circumstances of this case, with comments in brackets that explain why a requested amount has been reduced:

| Date | Description | Amount |
|---|---|---|
| 1/9/09 | Telephone conversation with J. Parson's assistant | $ 15.00 |
| 1/28/08 | Confirm proper service | $ 15.00 |
| 1/30/08 | Review Complaint | $105.00 |
| 1/30/08 | Prepare Entry of Appearance | $ 15.00 [reduced from $45.00 because entries of appearance are administrative in nature and are one sentence in length and usually on templates]. |

Counsel billed the following amounts related to the Motion to Dismiss, which was not filed until

June 1, 2009:

| Date | Description | Amount |
|---|---|---|
| 3/14/08 | Review Reply to Response to Motion to Dismiss and related filings by Plaintiff [apparently from the state-court case] | $ 45.00 |
| 11/25/08 | Review previously drafted Motion to Dismiss [apparently from the state-court case] | $ 90.00 |
| 2/3/09 | Research | $345.00 |
| 2/4/09 | Outline Motion to Dismiss Memorandum | $165.00 |
| 2/8/09 | Edit Motion to Dismiss | $255.00 |
| 3/5/09 | Research - recent judicial immunity cases | $ 60.00 |
| 3/26/09 | Prepare Motion to Dismiss | $180.00 |
| 5/31/09 | Prepare first draft of Motion to Dismiss | $675.00 |
| 6/1/09 | Prepare, revise, edit & finalize Motion to Dismiss | $765.00 |
| 7/5/09 | Prepare draft of Reply re Motion to Dismiss | $285.00 |
| 7/6/09 | Finish Reply | $360.00 |
| 7/9/09 | Finish Reply | $405.00 |
| 7/10/09 | Prepare Notice of Completion of Briefing | $ 90.00 |

Counsel charged the State's RMD $3720 for almost 25 hours of work on the Motion to Dismiss, the Reply, and the Notice of Completion of Briefing when she had already prepared a motion addressing absolute judicial immunity on these very issues in the state courts only months earlier. It should have been a simple matter to update the judicial-immunity research (which took only .40 of an hour according to counsel) and to cut-and-paste[2] the underlying facts and arguments from the state-court motion and briefs into the federal briefs. The Court estimates that it would have taken a competent, experienced attorney such as counsel for the RMD no more than 5 hours to update the legal research, prepare the analysis presented in this case, and draft and edit the six-and-one-half page motion to dismiss and the five-page reply, where counsel had already completed those efforts in the state district and appellate courts. It was further untenable to charge .60 in attorney time ($90) for preparing a one-page Notice of Completion of briefing that is solely administrative in nature.

---

[2] Counsel did apparently cut-and-paste at least part of the state-court appellate brief into her motion to dismiss. *See* Doc. 32 at 3 (referring to Bryant as "Plaintiff/Appellant").

The Court will award attorney fees of $750 for work associated with the motion to dismiss and attorney fees of $150 for the preliminary work set forth above, for a total of $900 + 72.56 in gross receipts taxes. I specifically find that the remaining hours expended (and for which a claim for fees reimbursement is made) were not reasonable or necessary, given the procedural and legal posture of this case, where Judge Parsons was clearly entitled to immunity from suit at its onset and where similar motions and replies had already been prepared by the same counsel.

Under the federal rules, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). The general-costs statute, 28 U.S.C. § 1920, permits recovery of deposition costs "necessarily obtained for use in the case,"28 U.S.C. § 1920(2), (4), and the Tenth Circuit has held that § 1920 "authorizes recovery of costs with respect to all depositions reasonably necessary to the litigation of the case." *Furr v. AT & T Tech., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987) (quotation marks omitted). The Court should base the determination of need solely "on the particular facts and circumstances at the time the expense was incurred." *Id.*; *see Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (stating that, as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved").

> The standard is one of reasonableness. If materials or services are reasonably necessary for use in the case, even if they are ultimately not used to dispose of the matter, the district court can find necessity and award the recovery of costs. Thus, we will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.
>
> A prevailing party bears the burden of establishing the amount of costs to which it is entitled. Our precedents establish that the amount a prevailing party requests must be reasonable. Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed.

*In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (internal quotation marks and citations omitted). "All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were reasonably necessary for use in the case." *Id.* at 1149. Here, counsel requests $433.04 in costs, $420.96 of which is for the totally unnecessary deposition of Bryant. The remaining costs are copy costs. Only the copy costs for the entry of appearance, motion to dismiss, reply, and notice of completion of briefing were reasonable and necessary in this case, and at .10/page for 15 pages, those costs amount to $1.50.

In conclusion, Defendant seeks to be reimbursed for the total amount of $12,385.23 for attorneys fees and costs. For the reasons set forth above, this Court will not grant the requested relief because it is not justified. Defendant is only entitled to be reimbursed in the total amount of $972.56 for attorneys fees and $1.50 for costs.

**IT IS ORDERED** that the Plaintiff's *Objections* [Doc. 45] are DENIED; and that the Defendant's *Motion for an Award of Attorney Fees* [Doc. 39] and Defendant's *Memorandum in Support* [Doc. 41] is GRANTED in part;

**IT IS FURTHER ORDERED** that the Defendant is awarded costs and attorney fees from the Plaintiff in the total amount of $974.06.

**SO ORDERED** this 26th day of March, 2010, in Albuquerque, New Mexico.

                    **M. CHRISTINA ARMIJO**
                    United States District Judge